CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 19 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RALPH J. MILLER, | ) |
| Plaintiff, | ) Civil Action No. 7:04CV00702 |
| v. | ) **OPINION** |
| | ) By: Hon. Glen E. Conrad |
| GEICO AUTO INSURER, et al., | ) United States District Judge |
| Defendants. | ) |

Ralph J. Miller, proceeding pro se, filed this case against GEICO Insurance Company (GEICO), the Virginia Division of Motor Vehicles (DMV), and the United States Postal Service on November 29, 2004. The case is currently before the court on the DMV's motion to dismiss, or in the alternative, motion for summary judgment. For the reasons that follow, the court will grant the DMV's motion.

The plaintiff alleges that he visited his brother in Alstead, New Hampshire for three weeks during the summer of 2004. Prior to the trip, the plaintiff asked his local postmaster to temporarily forward his mail from the post office in Fancy Gap, Virginia to his brother's address in New Hampshire. Several weeks after the plaintiff returned to Fancy Gap, the post office continued to forward some of the plaintiff's mail to his brother's address. GEICO, the plaintiff's motor vehicle insurance carrier, subsequently changed his residency from Virginia to New Hampshire. In early November, the plaintiff was notified by the DMV that his insurance policy had been terminated by GEICO. The DMV advised the plaintiff that his license and registration would be revoked if he did not obtain insurance by December 4, 2004. The plaintiff filed this action against the DMV seeking monetary damages and injunctive relief. The plaintiff contends that the DMV violated his Fourteenth Amendment right to due process. The DMV has moved to

dismiss the plaintiff's due process claim pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. Alternatively, the DMV argues that it is entitled to summary judgment.

Having reviewed the plaintiff's allegations, the court agrees with the defendant that it is immune from liability pursuant to the Eleventh Amendment. The Eleventh Amendment precludes any action seeking legal or equitable relief against a sovereign state in federal court unless Congress has abrogated the state's immunity from such action, or the state has waived the immunity. Seminole Tribe v. Florida, 517 U.S. 44, 54-58 (1996). Eleventh Amendment immunity extends to state agencies and state officers acting in their official capacities.[1] Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Since there is no evidence of any abrogation or waiver of the state's immunity in this case, the DMV, as a state agency, is immune from liability. Accordingly, the court will grant the DMV's motion.[2]

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff and to all counsel of record.

ENTER: This __19th__ day of July, 2005.

                              United States District Judge

---

[1] The court notes that state officers are not entitled to Eleventh Amendment immunity when a plaintiff seeks prospective relief from ongoing violations of federal law. See Lytle v. Griffith, 240 F.3d 404, 408 (4th Cir. 2001) (discussing Ex parte Young, 209 U.S. 123, 159-160 (1908)). However, the Ex parte Young exception is applicable only to state officers, not to states or to state agencies. See Bd. of Supervisors v. Virginia Dep't of Social Serv., 731 F. Supp. 735, 738 at n.4 (W.D. Va. 1990); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002); Reickenbacker v. Foster, 274 F.3d 974, 976 at n. 9 (5th Cir. 2001); Buchwald v. Univ. of New Mexico Sch. of Med., 159 F.3d 487, 495-496 (10th Cir. 1995).

[2] Having concluded that the DMV is immune from liability under the Eleventh Amendment, the court will not address the DMV's additional arguments in support of its motion.