CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 1 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RALPH J. MILLER, ) | Civil Action No. 7:04CV00702 |
| Plaintiff, ) | |
| ) | **OPINION** |
| v. ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| GEICO AUTO INSURER, et al., ) | |
| Defendants. ) | |

Ralph J. Miller, proceeding pro se, filed this case against GEICO Insurance Company (GEICO), the Virginia Division of Motor Vehicles (DMV), and the United States Postal Service (Postal Service) on November 29, 2004. The case is currently before the court on the Postal Service's motion to dismiss. For the reasons that follow, the court will grant the Postal Service's motion.

The plaintiff alleges that he visited his brother in Alstead, New Hampshire for three weeks during the summer of 2004. Prior to the trip, the plaintiff asked his local postmaster to temporarily forward his mail from the post office in Fancy Gap, Virginia to his brother's address in New Hampshire. Several weeks after the plaintiff returned to Fancy Gap, the post office continued to forward some of the plaintiff's mail to his brother's address. GEICO, the plaintiff's motor vehicle insurance carrier, subsequently changed his residency from Virginia to New Hampshire. In early November, the plaintiff was notified by the DMV that his insurance policy had been terminated by GEICO. The DMV subsequently advised the plaintiff that his license and registration would be revoked if he did not obtain insurance by December 4, 2004. The plaintiff contends that the Postal Service violated his Fourteenth Amendment right to due process

by continuing to forward his mail to New Hampshire for a period longer than the three weeks he requested.

The Postal Service has moved to dismiss the plaintiff's case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss under Rule 12(b)(6), the court must determine "whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). The court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. The court should not dismiss a complaint for failure to state a claim, unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Having reviewed the plaintiff's allegations, the court agrees with the Postal Service that the case must be dismissed. As an initial matter, the court notes that the Postal Service, as a federal agency, is beyond the purview of the Fourteenth Amendment.* Actions of the federal government are reviewed under the Fifth Amendment. Nonetheless, the standards employed by the court in analyzing due process claims are the same. See United States v. Al-Hamdi, 356 F.3d 564, 574 at n.11 (4th Cir. 2004). The plaintiff's allegations in this case, at most, support an inference that the Postal Service was negligent in continuing to forward his mail for more than the three weeks he requested. Negligence, however, is insufficient to support a due process claim. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Young v. City of Mt. Ranier, 238 F.3d 567, 577 (4th Cir. 2001).

---

* This amendment expressly provides that no "State" shall "deprive any person of life, liberty, or property, without due process of law...." (emphasis added).

The court also notes that the Postal Service is immune from liability for any claim arising out of the negligent transmission of mail. Although the Postal Reorganization Act of 1970 authorizes the Postal Service "to sue and be sued in its official name," 39 U.S.C. § 401(1), the Federal Tort Claims Act (FTCA) remains applicable to tort claims brought against the Postal Service. See 39 U.S.C. § 409 (c) ("The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service."). The FTCA bars "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Therefore, even if the court construes the plaintiff's allegations to state a claim for negligence, the Postal Service is not subject to liability. See Rider v. United States Postal Serv., 862 F.2d 239, 242 (9th Cir. 1988); Insurance Co. of North America v. United States Postal Serv., 675 F.2d 756, 758 (5th Cir. 1982).

In response to the Postal Service's motion to dismiss, the plaintiff argues that the Postal Service did not file the motion within sixty days from the "date of proper service of the summons," and that the motion is therefore untimely. However, the plaintiff has not provided proper proof of service. While the plaintiff did submit receipts for certified mail sent to the United States Attorney, the United States Postmaster General, and the Attorney General on May 10, 2005, the plaintiff has not provided any evidence of the date on which the mail was received. Without proper proof of service, the court cannot conclude that the Postal Service's motion is untimely. In any event, the plaintiff's allegations fail to state a claim upon which relief may be granted.

For the reasons stated, the court will grant the Postal Service's motion to dismiss. The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff and to all counsel of record.

ENTER: This １st day of August, 2005.

/s/ Jack Conrad
United States District Judge